We have six cases on the calendar this morning, a veterans case, three patent cases, two of which are from district courts and one from the PTO, a case from the Court of Federal Claims and an employee case from the board. The latter two are being submitted only on Our first case is Ignacio Castillo v. Secretary of Veterans Affairs, 2016-1539, Mr. Carpenter. Thank you very much, Your Honor. May it please the court, Kenneth Carpenter appearing on behalf of Mr. Ignacio Castillo. The veterans court in this case relied upon a misinterpretation of 38 CFR 4.130 when it determined that the board had The veterans court determined that the board had correctly applied section 4.130. You keep using the term applied, applying to law of facts. Does that destroy jurisdiction here? That was the argument below, Your Honor, and the veterans court made a determination that they had correctly applied it. And in so doing, they used a legal standard that is contrary to the legal standard that is outlined in this court's case of Vasquez Claudio v. Shinseki, which has interpreted the provisions of 4.130. The veterans court's interpretation was that it was adequate for the board to have provided a clear picture of Mr. Castillo's disability picture and considered the symptoms outlined in Diagnostic Code 9411, which is the diagnostic code for post-traumatic stress disorder. In order to correctly apply those provisions, more is required from the board consistent with this court's decision in Vasquez Claudio. Specifically, this court- Did you complain that the court didn't cite Vasquez? It did what Vasquez required. I don't believe that it did, Your Honor. Vasquez Claudio sets out very specific methodology for the assessment of a veteran's symptoms that are identified in the record, and that assessment requires a determination as to what impact those symptoms have on the level of industrial and social impairment, and that in addition to identifying that, the requirement is that the agency must assess those in terms of the severity, frequency, and duration. But the agency did. The board cited Vasquez Claudio and thoroughly analyzed all of the factors. Your fault is, it seems to me, I have the same concern Judge Lurie does with the veterans court failure to cite the case, but the board did, and the board applied it. So what's the harm here? I believe they did not apply it correctly or as was required by this court's case in Vasquez Claudio. The board cited it. The board cited Vasquez Claudio. They cited it, but they didn't apply it correctly. We don't get to decide that, do we? I mean, we could agree with you that they completely misapplied Vasquez Claudio, but as long as they're citing the correct law and applying it to the facts, if they get it wrong, they get it wrong, and that question's not for us. It's for the veterans court. That's correct, Your Honor, and you're reviewing not what the board did, but what the veterans court did, and what the veterans court did was to use a legal standard that simply allows for, if you will, a gloss on addressing the very specific criteria set out in Vasquez Claudio for the assessment of a veteran's symptoms, and that is either the corrective- But you're reviewing the board's decision, and the board applied the correct law, and there's no indication in the veterans court opinion that it's finding that Vasquez Claudio doesn't apply and creating new and different law. They simply don't cite that case. They cite their own case, which basically, to me, seems to be the same kind of criteria, and I still don't see how we're anywhere except for an application of law to fact. Well, Your Honor, the board, in its decision, indicated that throughout the initial rating period, the veterans PTSD had been characterized by an occupational and social impairment with occasional decrease in work efficiencies and indeterminate periods of instability. That is simply a repetition of the rating criteria. It is not doing what this court said the board and the VA were required to do when they applied 4.130, which is to make a particularized assessment that is symptom-driven and is tied to the severity, frequency, and duration of symptoms, and that that is the analysis that is required in order to properly apply 4.130 and to simply cut and paste into their decision. I get what you're saying, and even if I agree with you, I don't see how we can do anything. These arguments seem to have been appropriate for the veterans court. They agreed with you. They may not have cited our decision, but they cited a similar decision, and even if they got that wrong, the application of law to fact is left to them. It's not for us. Everything you say about what the board did wrong is they didn't apply the criteria right. They merely parodied the diagnostic language, but you haven't said to me one point where the board specifically said our standard is X, and that standard is different from Vasquez-Cladillo. Because this court is not reviewing what the board did. This court is reviewing what the veterans court did. In the veterans court decision, did it say we're not going to follow Vasquez-Cladillo? We have a different standard. It articulated the only standard that is in their opinion, and that standard is that it is adequate to correctly apply the and this is at the appendix at page three, Your Honor, for the board to provide a clear picture of the veterans disability picture and to consider the symptoms as outlined in 9411. But they also cited their Mauerham case, didn't they? They did. And the Mauerham case has language that mirrors our Vasquez-Cladillo decision, does it not? Well, it does, Your Honor, but quite frankly, this court's decision takes Mauerham to a much more precise level in terms of identifying how that regulation is to be correctly applied. In Vasquez-Cladillo, this court affirmed what was done below, but went to great lengths. So you think the Mauerham standard is an incorrect legal standard? No, I think the Mauerham standard is not as precise as the standard that is I don't know what that means. So are you asking us to review the opinion writing on whether the veterans court decision was precise enough to meet our standard? No, Your Honor. Whether or not when they concluded Let me ask you again. So is Mauerham good law? Mauerham is good law. On the standard. That's correct. It is an appropriate articulation of the standard. Yes, it is. And so they cited Mauerham and said the board got it right under that standard. Under Mauerham, that's correct. But Mauerham does not make the type of interpretation of 4.130 that this court made in Vasquez-Cladillo. I don't understand what you're saying. Either Mauerham conflicts with Vasquez-Cladillo and we should tell them to start disregarding it or it's consistent with Vasquez-Cladillo and sets out the right standard. And it seems like you said it sets out the right standard. I did say that. So their opinion contains the correct standard, the correct articulation of the regulation, but just doesn't cite Vasquez-Cladillo. The issue that was presented by Mr. Castillo to the Veterans Court was the proposition of whether or not the regulation was properly applied by the board. The Veterans Court said And the proper articulation of that regulation is both in Mauerham and Vasquez-Cladillo. It is in part in Mauerham, but it is more precisely articulated in this court's decision. And to me, what the court is saying is that the Veterans Court does not have to address this court's jurisprudence in interpreting a regulation and can be permitted by the limitations of this court's jurisdiction, as I understand what you're saying to me, because they cited their own decision that deals with it in part but ignores this court's decision in full. I see what you're saying, but I don't see anything wrong with the Veterans Court citing their own cases as long as they're a correct articulation of law. For you to win on this point, you have to convince me that Mauerham is an incorrect interpretation of the law, and I don't see how it is. Well, Your Honor, I do not believe that that's what I have to do to prevail. If that's what I have to do to prevail... We only get a review of legal questions. So if they have cited the correct regulation, which they have, and they've cited the correct case law interpreting that regulation, which their case law is certainly sufficient, then they have cited the correct legal rule. We don't get to decide whether they correctly applied that legal rule. You have to show either some legal difference between the standards that would convince us that Mauerham is the incorrect legal rule. Except, Your Honor, that position seems to me to undermine the whole concept of judicial review. Under judicial review, the veteran, for the first time, is able to challenge what the agency does in a court of law. And Mr. Castillo presented an argument that was based on this court's interpretation of 4.130. And the Veterans Court, instead of addressing that issue, relied upon its own case law and then made a conclusory statement that is inconsistent. Let's just assume hypothetically that Mauerham and our decision are the same thing. Is it air for the Veterans Court, is it legal air for the Veterans Court, to not address the argument based upon our precedent, but just address the issue, because they certainly addressed the issue, and cite their own case law? I believe it is if, as I believe they did in this case, articulate a standard that is inconsistent with the standard that is set out by this court in Vasquez-Claudio. And the standard that they articulated was there need only be a clear disability picture and consideration of the symptoms under the diagnostic code. I believe that Vasquez-Claudio says more than that. And Mauerham says more than that, too, which is what they cited. I mean, I have it in front of me. Mauerham has all the same factors in it that you're complaining that they didn't consider from Vasquez-Claudio. The fact that they didn't specifically mention every single one of them sounds to me like you're up here on an opinion-writing error argument, not a legal error. Well, I'm not sure it is an opinion-writing error, Your Honor, if the veteran presents a specific argument and the court evades addressing that argument and decides it on grounds other than the grounds that both the board relied upon, as Judge Moore said, by citing to Vasquez-Claudio. They said that their decision was based on Vasquez-Claudio. Mr. Fenton, you're into a puddle. You can continue if you like, or save it. No, no, I'd like to reserve. Thank you, Your Honor. Ms. Finner. May it please the Court. We ask that this Court affirm the decision of the Court of Veterans Appeals Court of Veterans Claims, who employed the correct standard when it agreed with the Board of Veterans Affairs that Mr. Castillo's post-traumatic stress disorder, PTSD, was 30% disabling. It was not error for the Veterans Court to rely on Mauerham in lieu of Vasquez-Claudio. The two cases are consistent. Appellant has not identified any distinction between them, any fault in Mauerham that is inconsistent with Vasquez-Claudio. This Court has also expressed its agreement with Mauerham in its seller's opinion, where it held, because we agree with the Veterans Court decision in Mauerham and because Mauerham controls these cases, disability cases, we affirm. Mr. Castillo's own opening brief also cites both Vasquez-Claudio and Mauerham as the standard, and that's his brief at pages 5, 7, and 8. The two decisions are consistent. They both refer to an obligation by the Board in the first instance and the Court in the second. Did the Veterans Court go through all the factors that are in Mauerham and Vasquez-Claudio here in its opinion? Yes. The process would be under Mauerham and Vasquez-Claudio for the review officer in the first instance to identify all of the symptoms. No, no, no. I get it. I think the Board clearly looked at Vasquez-Claudio and applied those factors, but I think your friend says that the Veterans Court gave a much different, more general look. I was just curious if you thought the Court actually had recited all those factors and considered them or indeed did apply a kind of broader, less specific standard. No, we believe that the Veterans Court did apply with the requisite level of specificity what was required for the standard. Now, it was certainly less detailed than the Board's decision, but there's nothing inherently wrong with that so long as the Veterans Court met its threshold in terms of its analysis, and it was cognizant in citing Mauerham of its obligation to consider all the symptoms in the record, to then look at those symptoms in relation to the ratings criteria in terms of their frequency, severity, and duration, to consider the social and occupational impairment. All of that analysis is in the Veterans Court's decision. It's not under a heading that explicitly sets to Vasquez-Claudio, but the analysis itself is there. And even if this Court were to find it was error to have failed to cite Vasquez-Claudio, it is a harmless error. As Vasquez-Claudio itself explains, a misstatement of law may be a harmless error if the Board correctly applied 38 CFR 4.130, which is exactly what we have in this case. And you just suggested that the Veterans Court articulated and decided, as it should, frequency, severity, and duration in reviewing the Board's decision. Where did they do that precisely? I see the word severity mentioned on page 3. Where is frequency and duration mentioned in the Veterans Court's opinion? It would be in the Veterans Court through its discussion of the Board. Where? I'm asking you to show me where. You said that the relevant criteria out of Vasquez and Mauerhand are frequency, severity, and duration. So where does the Veterans Court review the Board's decision? I agree the Board absolutely discusses those things. But where does the Veterans Court? So the Veterans Court demonstrated its awareness with the standard in terms of running through what it saw the Board do. Where? That would be starting at page 114. I'm sorry, I'm on page 2 or 3. I'm in the Croft's opinion. What are you looking at? So starting at appendix 3, the Veterans Court talked through what the Board did. But where is it you said frequency, severity, and duration are the three critical concerns that evolve from Mauerhand and or more precisely Vasquez-Claudio. So I see they mentioned the word severity at sort of the top of page 3, but I never see a mention of duration or frequency or even an analysis of the evidence before the Board that would suggest that they were looking at the evidence regarding frequency and duration. So tell me what I should interpret. What sentence in this opinion I should interpret as demonstrating their knowledge of that standard and application of it? Yes, Your Honor, you're right. The exact phrase frequency, severity, and duration does not appear as a phrase in the Veterans Court decision. However, as Your Honor also noted, there is a reference to consideration of the severity of the appellant's condition, and that's in the top of the first full paragraph in appendix 3. And then into that second full paragraph, there is a recitation of the symptoms identified by the Board, and I'm looking fourth line down. Specifically the Board noted that Mr. Castillo's symptoms noted to be directly related to PTSD or depressed mood, anxiety, panic attacks that occur weekly or less often. So something like weekly or less often may not be under the heading frequency, severity, or duration, but it is certainly an application. Taking into account and reviewing or looking at the evidence that indicated the frequency and duration of these issues, even though they may not have articulated it, they're looking and articulating all the correct evidence that demonstrates that they did in fact apply the right standard, even though they may not have parroted the right words. Yes, Your Honor. Okay, that's all I needed. Are there any other questions from the panel? If not, we will move on. Thank you, Ms. Penning. Mr. Coffender has a little rebuttal time. I will surrender that rebuttal time unless there's any further questions from the panel. No one ever loses because of giving up time. I've heard that before, Your Honor. Thank you, Mr. Coffender. We take the case under revisal.